<table>
<tr>
<td colspan="3" align="center">ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL X</td>
</tr>
<tr>
<td>JOSÉ M. MARXUACH FAGOT; MARÍA ELENA MARXUACH FAGOT; SUCESIÓN ACISCLO M. MARXUACH DE LA CUÉTARA y CARMEN MARGARITA FAGOT BIGAS, como miembros de la SUCESIÓN DE MARGARITA BIGAS OJEDA y de la SUCESIÓN DE PEDRO REMBERTO FAGOT RODRÍGUEZ,<br><br>Recurrida,<br><br>v.<br><br>**SUCESIÓN DE PEDRO REMBERTO FAGOT BIGAS, compuesta por EMILIO FAGOT RODRÍGUEZ, SCHIRA FAGOT MALDONADO y MARÍA CELESTE BIGAS KENNERLEY**; UBS FINANCIAL SERVICES INCORPORATED OF PUERTO RICO; JOHN DOE,<br><br>Peticionaria.</td>
<td>KLCE202400927</td>
<td>*CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan.<br><br>Civil núm.: SJ2024CV00586.<br><br>Sobre: nulidad parcial de testamento; liquidación y partición de herencias; nombramiento de administrador; nivelación; daños y perjuicios.</td>
</tr>
</table>

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

El 28 de agosto de 2024, la parte peticionaria, sucesión de Pedro Remberto Fagot Bigas, compuesta por Emilio Fagot Rodríguez, Schira Fagot Maldonado y María Celeste Bigas Kennerley, solicitó la expedición del recurso de *certiorari* y que revocásemos las *Resoluciones* dictadas el 23 de abril de 2024, notificadas el 24 de abril de 2024, y la del 26 de julio de 2024, notificada el 29 de julio de 2024, emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Número identificador

RES2024_____

Los asuntos atendidos por el foro primario, que son parte de este recurso, se relacionan con tres determinaciones; a decir: la denegatoria de la solicitud de traslado a la Región Judicial de Ponce presentada por la parte peticionaria; la solicitud para la contestación de un interrogatorio; y, la petición de prórroga para contestar la demanda.

Examinada la petición y el escrito en oposición de la parte recurrida, este Tribunal deniega la expedición del auto de *certiorari.*

I

Nos encontramos ante una controversia enmarcada en el contexto de una comunidad sucesoria aún pendiente de partición y liquidación. Los hechos y trámites destacados a continuación se limitan al tracto procesal pertinente a la controversia sobre la solicitud de traslado, la solicitud para la contestación de un interrogatorio, notificado por la parte peticionaria a la parte recurrida, y la petición de prórroga para contestar la demanda. Veamos.

El **8 de abril de 2024**, la parte peticionaria presentó una moción en la que solicitó el traslado del caso al Tribunal de Primera Instancia, Sala Superior de Ponce, y una prórroga para contestar la demanda en este caso.

En apoyo de su solicitud de traslado, la parte peticionaria expuso un desglose de los bienes inmuebles sujetos a partición[1]. Conforme a ese desglose, existen siete propiedades inmuebles que ubican en el Municipio de Ponce, y dos, en el Municipio de San Juan.

La parte peticionaria también realizó un recuento histórico de las familias de raíz Fagot Bigas y Fagot Rodríguez, en el que propone que la ciudad de Ponce constituía la demarcación territorial en la que estas familias desarrollaron su vida familiar y económica. En cuanto a la solicitud de traslado, el foro primario emitió su resolución el **23 de abril de 2024**[2], notificada al día siguiente. El tribunal declaró sin lugar el traslado de la acción. Fundamentó su decisión en el principio de jurisdicción general que

---

[1] *Véase*, apéndice del recurso, a las págs. 8-9.

[2] *Íd.*, a las págs. 1-4.

rige el sistema del Tribunal de Justicia en Puerto Rico en virtud de las Reglas de Procedimiento Civil[3], y puntualizó que los inmuebles objeto de partición ubicaban tanto en Ponce como en San Juan[4].

Entre tanto, el **1 de mayo de 2024**, la parte peticionaria notificó a la parte recurrida un interrogatorio preliminar y solicitud de producción de documentos[5].

**El 9 de mayo de 2024**, la parte peticionaria presentó su moción de reconsideración y reiteró su solicitud de traslado del caso. La parte recurrida se opuso a esta solicitud el 21 de mayo de 2024.

En lo pertinente a este recurso, el **26 de julio de 2024**, notificada el 29 de julio, el foro primario emitió una segunda resolución[6]. En ella, concedió a la parte peticionaria un término de veinte días para presentar su contestación a la demanda. Además, denegó la solicitud de anotación de rebeldía presentada por la parte recurrida el 10 de junio de 2024[7].

También, el **26 de julio de 2024**, notificada el 29 de julio, el foro primario emitió una tercera resolución[8], en la que reiteró la competencia y jurisdicción del foro primario para entender en los méritos del caso en San Juan, y no en Ponce.

El **16 de agosto de 2024**, la parte peticionaria presentó una *Urgente moción solicitando término adicional para contestar la demanda*[9]. Expuso que uno de los dos abogados de la parte peticionaria padecía de una

---

[3] *Véase*, apéndice del recurso, a las págs. 1-4. Específicamente, la resolución cita la Regla 1 de Procedimiento Civil, 32 LPRA Ap. V. Esta regla reitera la aspiración del Tribunal General de Justicia por lograr "una solución justa, rápida y económica de todo procedimiento".

[4] Relacionado con el tema del traslado, apuntamos que, el **16 de mayo de 2024**, notificada al día siguiente, el Tribunal de Primera Instancia dictó una *Sentencia Parcial* en la que acogió el desistimiento solicitado por la parte recurrida en cuanto a la causa de acción instada en contra de *UBS Financial Services Incorporated*, cuya oficina principal está ubicada en San Juan. *Íd.*, a las págs. 304-306.

[5] *Íd.*, a las págs. 318-323.

[6] *Íd.*, a las págs. 211-213.

[7] *Íd.*, a las págs. 308-311.

[8] *Íd.*, a las págs. 130-132.

[9] *Íd.*, a las págs. 325-327. Junto a la moción se adjuntó una certificación médica. Este documento se encuentra disponible en la entrada número 45 del *Sistema Unificado de Manejo y Administración de Caso* (SUMAC).

condición de salud, que, según recomendación médica, le exigía descanso hasta el 24 de agosto de 2024. Por ese motivo, solicitó un término adicional de 30 días, computado a partir del 24 de agosto de 2024, para contestar la demanda.

Mediante su orden del 27 de agosto de 2024, notificada el **28 de agosto**, el tribunal concedió el término solicitado[10]; la prórroga vencería el **25 de septiembre de 2024**.

No obstante, la parte peticionaria presentó este recurso de *certiorari* el **28 de agosto de 2024**, y apuntó la comisión de los siguientes errores:

> COMETIÓ GRAVE ERROR DE DERECHO Y ABUSO DE SU DISCRECIÓN EL TPI AL DENEGAR EL TRASLADO DE ESTE PLEITO A LA SALA DE PONCE, SALA QUE TIENE VERDADERA COMPETENCIA DE ACUERDO CON LA LEY, LAS REGLAS DE PROCEDIMIENTO CIVIL Y SU JURISPRUDENCIA INTERPRETATIVA.
>
> COMETIÓ GRAVE ERROR DE DERECHO Y ABUSO DE SU DISCRECIÓN EL TPI AL EXIMIR *"DE FACTO"* A LA PARTE DEMANDANTE RECURRIDA DE CONTESTAR UN INTERROGATORIO SOMETIDO A[L] TENOR DE LO RESUELTO POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN *AFF V. TRIBUNAL SUPERIOR, SUPRA*, EL CUAL SE CURS[Ó] CON EL PROPÓSITO DE ESTAR EN CONDICIONES DE CONTESTAR LA DEMANDA ADECUADAMENTE.
>
> COMETIÓ GRAVE ERROR DE DERECHO Y ABUSÓ DE SU DISCRECIÓN EL ILUSTRADO FORO DE INSTANCIA AL DENEGAR LA PRÓRROGA SOLICITADA PARA CONTESTAR LA DEMANDA.

(Mayúsculas y negrillas en el original).

Es decir, son tres los asuntos que plantea la parte recurrente. En primer lugar, la denegatoria del traslado del caso de San Juan a Ponce; segundo, su intención de esperar por la contestación al interrogatorio cursado a la parte recurrida para, entonces, contestar la demanda; y, tercero, la supuesta denegatoria de un término adicional para contestar la demanda.

---

[10] *Véase*, la *Moción informativa sobre status del caso en instancia* presentada ante nos por la parte peticionaria el 30 de agosto de 2024.

El **13 de septiembre de 2024**, la parte recurrida presentó su escrito en oposición a la expedición del auto. En su escrito, aludió a una moción de reciente presentación y pendiente ante la Sala Superior de San Juan, relacionada con la sucesión y sobre asuntos de cobro de dinero atados a un bien inmueble localizado en San Juan[11], otros bienes inmuebles ubicados en San Juan y bienes muebles adicionales localizados fuera de Puerto Rico[12].

Evaluados los sendos argumentos de las partes comparecientes, resolvemos.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

---

[11] *Véase*, apéndice de la oposición al recurso, a las págs. 23-27. La parte recurrida indicó que el **30 de agosto de 2024**, la parte peticionaria presentó una *Moción informando ausencia de parte con posible interés en este procedimiento* en el caso civil núm. K CM2010-335, que se atiende en la Sala Superior de San Juan.

[12] *Véase*, apéndice de la oposición al recurso, a las págs. 8-11, y 17-18.

III

Evaluado el recurso, a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria no nos ha persuadido de que el foro primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Por tanto, nuestra intervención en este asunto no se justifica.

IV

A la luz de lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones